United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                    Case No. 13-19192-jkf
Mary Rivers                                               Chapter 13
          Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0313-2        User: DonnaR          Page 1 of 1           Date Rcvd: Feb 17, 2017
                           Form ID: pdf900        Total Noticed: 1
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 19, 2017.
db            +Mary Rivers,   5878 Magdalena Street,   Philadelphia, PA 19128-1708
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0
```

```
         ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0
```

```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

```
Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 19, 2017                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 17, 2017 at the address(es) listed below:
          ANDREW F GORNALL    on behalf of Creditor   MIDFIRST BANK agornall@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          BRIAN CRAIG NICHOLAS    on behalf of Creditor    MIDFIRST BANK bnicholas@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          GEORGETTE  MILLER   on behalf of Debtor Mary  Rivers info@georgettemillerlaw.com,
           georgettemillerlaw@gmail.com;MLee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemille
           rlaw.com
          KARINA  VELTER   on behalf of Creditor    Wells Fargo Bank, N.A. dba Wells Fargo Dealer Services
           amps@manleydeas.com
          THOMAS I. PULEO    on behalf of Creditor   MIDFIRST BANK tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER   on behalf of Trustee WILLIAM C. MILLER ecfemails@ph13trustee.com,
           philaecf@gmail.com
          WILLIAM C. MILLER   ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                              TOTAL: 8
```

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | **Chapter 13** |
| | : | |
| MARY RIVERS, | : | |
| | : | |
| **Debtor.** | : | **Case No. 13-19192 (JKF)** |

_____

## ORDER SCHEDULING HEARING
## <u>ON SUPPLEMENTAL APPLICATION FOR COMPENSATION</u>

This 16th day of February, 2017, upon consideration of the Supplemental

Application for Compensation and Reimbursement of Expenses filed by the Law Offices

of Georgette Miller ("Applicant");[1]

    **AND** the Supplemental Application indicating that Debtor's annualized current

monthly income is below median;

    **AND** the Supplemental Application acknowledging that, on January 7, 2016, the

Court awarded counsel fees of $3,100.00 and costs of $600.00;

    **AND** the Supplemental Application requesting additional attorney's fees in the

amount of $2,500.00;

    **AND** the Application containing lumped time entries such as the following:

        Telephone call with lender: 1/8/16; 1/22/16; 1/25/16; 2/5/16;
        2/17/16; 2/29/16; 4/5/16; 4/20/16; 4/21/16; 5/2/16; 5/5/16.  (4
        hr. 12 min.)

Application ¶ 6(c);

_____

    [1]  In the future, a copy of Applicant's disclosure of compensation form should be
attached to all of Applicant's fee applications.  For reference, please see the Local
Bankruptcy Forms 2016-2A, 2016-2B and 2016-2C.

**AND** requests for counsel fees over the no-look amount requiring the submission of itemized time entries;[2]

It is hereby **ORDERED** that:

(1) A hearing shall be held on the Supplemental Application for Compensation and Reimbursement of Expenses on **Wednesday, March 29, 2017, at 10:30 a.m.**, in Bankruptcy Courtroom #3, Robert N.C. Nix, Sr., Federal Building and Post Office, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania;

(2) In the event that Applicant files an Exhibit to its Supplemental Fee Application, see L.B.F. 2016-2C ¶ 10, with itemized rather than lumped time entries and the entries are satisfactory,[3] the hearing shall be cancelled.

_____
HONORABLE JEAN K. FITZSIMON
United States Bankruptcy Judge

---

[2] Generally, time records with itemized entries are attached as an exhibit to the fee application. See L.B.R. 2016-2C ¶ 10. Notably, the time records should indicate who performed each service listed on the time record or invoice and also the billable hourly rate for each professional who provided a service listed on the record/invoice. See L.B.F. 2016-2C ¶ 7.

[3] When an attorney travels to court on a given day to meet with the Chapter 13 Trustee (e.g., to provide proof of payment to the Trustee so he will withdraw a motion to dismiss) and/or attend hearings and, during that time, represents two or more clients, the attorney's time should be appropriately divided among the clients and not recorded or invoiced, in full, to each of the clients. Similarly, the attorney is obviously only paying one parking fee.

2